IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGHES RIVER FM, LLC, ) <br> a Delaware limited liability company, ) <br> individually, and derivatively on behalf of ) <br> XIMALAYA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> XIMALAYA, INC., ) <br> a Cayman Islands corporation, ) <br> YU JIANJUN, an individual, ) <br> SEAMAN YU, an individual, ) <br> XIAOYU CHEN, an individual, ) <br> LI HAIBO, an individual, ) <br> and TENCENT MUSIC ENTERTAINMENT ) <br> GROUP, INC., a Cayman Islands ) <br> corporation, ) <br> ) <br> Defendants. ) | Case No. 1:25-cv-06217 <br><br> Judge Edmond E. Chang |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE JOINT MOTION OF DEFENDANTS FOR A CONFIDENTIALITY ORDER AND PLAINTIFF'S MOTION FOR THE ENTRY OF A PROPOSED ALTERNATIVE CONFIDENTIALITY ORDER**

Plaintiff, HUGHES RIVER FM, LLC ("Hughes River"), by and through its undersigned attorney, submits this Memorandum of Law in Opposition to the Joint Motion of Defendants, XIMALAYA, INC., YU JIANJUN, SEAMAN YU, XIAOYU CHEN, LI HAIBO, and TENCENT MUSIC ENTERTAINMENT GROUP, INC., for a Confidentiality Order and Motion for the Entry of a Proposed Alternative Confidentiality Order, attached hereto as Exhibits "A" and "B", as follows:

1. On August 27, 2025, Defendants filed a Joint Motion for a Confidentiality Order. (ECF # 54).

2. Attached to Defendants' Joint Motion is a proposed Confidentiality Order. (See Exhibit "A" and "B" to ECF # 54).

1

3. Before the Defendants filed their Joint Motion, the parties met and conferred in good faith regarding the language of a proposed Confidentiality Order but were unable to reach an agreement on it.

4. In its proposed language, Hughes River sought to add exceptions to confidentiality to allow it to share any pertinent information with the state and federal government investigators and to include "Consultants and Experts" to include "retained public-affairs/government-relations advisors who sign the undertaking." Defendants refused to accept the proposed additions of Hughes River to the proposed Confidentiality Order.

5. More specifically, Hughes River had proposed to add the following provisions to the Confidentiality Order:

"**Permitted Government Communications**. Nothing in this Order shall prohibit any party (or its counsel or designated representatives) from voluntarily communicating with, or furnishing information to, any federal or state officials and offices, including governmental or regulatory agencies or legislative body (including elected officials and staff) concerning a potential violation of law, policy, or regulation. To the extent such communications include materials designated "CONFIDENTIAL," the communicating party shall (i) request confidential treatment to the fullest extent permitted by law and (ii) provide contemporaneous notice to the designating party, unless prohibited by law;" (See Exhibit "A" hereto at § 6).

"**Consultants and Experts**…. includes retained public-affairs/government-relations advisors who sign the undertaking…." (Exhibit "A" hereto at §

2

7).

6. To balance discovery needs with the strong presumption of public access—and to avoid unnecessary motion practice—Hughes River proposes the two (2) narrow additions, set forth above, to the order proposed jointly by the Defendants: (i) a limited government-communications carve-out (with confidentiality request and notice), and (ii) clarification that "Consultants and Experts" includes retained public-affairs/government-relations advisors who sign the undertaking.

7. In addition, Hughes River also seeks to:

    - Narrow Section 2(c) to "non-public … financial" and drop "accounting" as a catch-all as set forth: "(c) non-public research, technical, commercial, or financial information that the producing party maintains as confidential in the ordinary course;"

    - Add at the end of Section 2(c), "For the avoidance of doubt, materials filed in the public court record not under seal, publicly disseminated statements, and information independently obtained from non-confidential sources are not Confidential Information."

    - Replace the entire Depositions Section 4 with the following: "Unless all parties agree on the record at the time the testimony is taken, deposition testimony shall be treated as Confidential Information for 30 days after the transcript is made available by the court reporter. No later than day 30, a party may serve a page-and-line Notice of Designation identifying specific testimony designated as Confidential Information; thereafter, only those specifically

identified portions shall be protected. The failure to serve a timely, specific designation waives confidentiality for that testimony absent Court order."

- Add at the end of Section 3(a), the following language: "Mass, indiscriminate, or routinized designations are prohibited and may result in sanctions and cost-shifting."

8. Working from the proposed Order set forth in the Joint Motion of Defendants (ECF # 54), Hughes River's proposed Confidentiality Order, in red-lined version form, is attached hereto as Exhibit "A" and made a part hereof.

9. A clean copy of the Confidentiality Order proposed by Hughes River is attached hereto as Exhibit "B" and made a part hereof.

10. In determining whether good cause exists to issue or uphold a protective order under Fed. R. Civ. P. 26(c), a court is required to balance the parties' asserted interest in privacy or confidentiality against the public interest in disclosure of information of legitimate public concern. *Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).* Judicial restraints placed only upon the disclosure and use of information exchanged in discovery do not restrict "a traditionally public source of information," *Seattle Times Co. v. Rhinehart, 467 U.S. at 33*.

11. Hughes River believes that there is good cause for the entry of its proposed Confidentiality Order. (See Exhibits "A" and "B" hereto).

WHEREFORE, Plaintiff, HUGHES RIVER FM, LLC, respectfully requests this Court to deny the Joint Motion of Defendants, XIMALAYA, INC., YU JIANJUN,

SEAMAN YU, XIAOYU CHEN, LI HAIBO, and TENCENT MUSIC ENTERTAINMENT GROUP, INC., for the Entry of the Proposed Confidentiality Order and grant its Motion for the Proposed Alternative Confidentiality Order (Exhibits "A" and "B" hereto) and/or for such other and further relief as the Court deems necessary and/or appropriate under the circumstances.

Respectfully submitted,

HUGHES RIVER FM, LLC,
individually, and derivatively
on behalf of XIMALAYA, INC.,
Plaintiff

By:*/s/Daniel J. Voelker*
Its Attorney

Daniel J. Voelker, Esq.
**Voelker Litigation Group**
33 N. Dearborn Street
Suite 400
Chicago, Illinois 60602
312.505.4841
dvoelker@voelkerlitigationgroup.com
ARDC #6189578

Dated: September 2, 2025

5

**CERTIFICATE OF SERVICE**

I, Daniel J. Voelker, an attorney, hereby certify that on September 2, 2025, I caused to be filed the foregoing **Plaintiff's Memorandum Of Law In Opposition To The Joint Motion Of Defendants For A Confidentiality Order And, Plaintiff's Motion For The Entry Of A Proposed Alternative Confidentiality Order** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, via the ECF Filing System and by email on all counsel of record.

/s/Daniel J. Voelker