**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Hughes River FM, LLC,

      Plaintiff,

      v.

Ximalaya, Inc., Jianjun Yu, and Tencent Music Entertainment Group,

      Defendants.

No. 1:25-CV-06217

Judge Edmond E. Chang

**MEMORANDUM OPINION AND ORDER**

After Hughes River FM, LLC, acquired preferred stock in Ximalaya, Inc., an audio platform based in China, Ximalaya agreed to merge with Tencent Music Entertainment Group. R. 42, First Am. Compl. ¶¶ 2, 4, 23, 27–28.[1] Hughes River was forced to sell its shares, and now alleges that the merger was fraudulent in violation of federal and state laws. *Id.* ¶¶ 46–125. So Hughes River has sued Ximalaya, its CEO (Jianjun Yu), and Tencent Music. *Id.* ¶¶ 2–6, 10.[2] The Defendants have filed separate

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]The Court has federal-question jurisdiction, 28 U.S.C. § 1331, over the theory of liability under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–rr; 17 C.F.R. § 240.10b5-1, and supplemental jurisdiction over the theories of liability under state statutory and common law, 28 U.S.C. § 1367(a). The Court also has diversity jurisdiction over the whole case. 28 U.S.C. § 1332(a). Hughes River is a limited liability company whose sole member, Kai Jiang, is a citizen of Illinois. First Am. Compl. ¶ 1. Ximalaya and Tencent Music each are Cayman Islands corporations with their principal places of business in China, and Jianjun Yu is a citizen of China. *Id.* ¶¶ 2, 6, 10.

Hughes River also named three other persons that it believed were members of Ximalaya's Board of Directors. First Am. Compl. ¶¶ 7–9. Two—Xiaoyu Chen and Haibo Li—were voluntarily dismissed by Hughes River, R. 87, 09/29/25 Minute Entry, and the parties appear

motions to dismiss, and each advances threshold reasons—as well as challenges to the sufficiency of the pleadings—that they believe justify dismissing Hughes River's complaint. R. 55, Ximalaya's Mot.; R. 55-1, Ximalaya's Br.; R. 57, Tencent Music's Mot.; R. 58, Tencent Music's Br.; R. 61, Yu's Mot. As explained in this Opinion, the Court agrees that it lacks personal jurisdiction over any of the Defendants. Because no amendments to the complaint could help Hughes River make a prima facie case for personal jurisdiction, the case is dismissed.

## I. Legal Standard

Civil Rule 12(b)(2) governs dismissals for lack of personal jurisdiction. Fed. R. Civ. P. 12(b). A complaint need not allege personal jurisdiction, but the plaintiff bears the burden of establishing that jurisdiction is proper once a defendant moves to dismiss on that ground. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a motion is based solely on the submission of written materials, the plaintiff need establish only a prima facie case of personal jurisdiction, *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009), and the Court will resolve all factual disputes in the plaintiff's favor, *Purdue*, 338 F.3d at 782. But when there is a genuine dispute in those written submissions about material facts, the Court should hold an evidentiary hearing. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). When an evidentiary hearing is held, the plaintiff bears a heavier burden: "prove what it alleged," *id.*, and establish personal jurisdiction by

---

to agree that the remaining person (Seaman Yu) is just the English name for Jianjun Yu, R. 61, Yu's Mot. at 1; R. 61-1, Jianjun Yu Decl. ¶ 1; R. 77, Pl.'s Resp. to Yu's Mot. at 5.

a preponderance of the evidence, *Purdue*, 338 F.3d at 782. Proceeding under this heavier burden, the Court would not apply the familiar rule for a motion to dismiss, where a judge ordinarily "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## II. Background

Because the Court is evaluating whether Hughes River makes out a prima facie case for personal jurisdiction, the Court recounts the facts by resolving any disputes in Hughes River's favor. *Purdue*, 338 F.3d at 782. The facts of the underlying merger are not critical to the jurisdictional issue, so only a brief summary of that transaction is needed.

In 2017, Hughes River acquired more than five million shares in Ximalaya. First Am. Compl. ¶ 23. After turning down an earlier acquisition offer and maintaining years of profitability, Ximalaya in 2024 agreed to a merger with Tencent Music. *Id.* ¶¶ 24–28. To execute the merger, Ximalaya needed to buy back its shares, and it made an offer to Hughes River that the latter declined. *Id.* ¶¶ 29–38. Hughes River alleges that the terms and process of the merger were "patently unfair," *id.* ¶¶ 29–40, and that the company was in effect forced to sell its Ximalaya shares for an unfair price, *id.* ¶ 50. Hughes River thus filed this suit in this District, and the parties dispute, among other issues, whether this Court can exercise personal jurisdiction over any of the Defendants.

3

### III. Analysis

Hughes River fails to make out even a prima facie case for personal jurisdiction over any of the Defendants. Personal jurisdiction takes one of two forms: general or specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). General personal jurisdiction asks whether the defendant "is essentially at home in the State." *Id.* (cleaned up).[3] Specific personal jurisdiction instead requires that a defendant "purposefully avails itself of the privilege of conducting activities within the forum State" so that there is "an affiliation between the forum and the underlying controversy."[4] *Id.* at 359–60 (cleaned up). For specific jurisdiction, the parties agree that

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

[4]In a case based on federal-question subject matter jurisdiction, courts approach the personal-jurisdiction inquiry in a slightly different way. If the federal law authorizes nationwide service of process, then a defendant need only have "adequate contacts with the United States as a whole" instead of any specific forum State. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000); *see also* Fed. R. Civ. P. 4(k)(2). The federal law here, 15 U.S.C. § 78aa(a), authorizes nationwide service. *See Fitzsimmons v. Barton*, 589 F.2d 330, 332 (7th Cir. 1979).

But none of the parties develop the factual record on any of their contacts with the United States rather than with Illinois specifically. And they do not address potential legal issues, such as the possibility of pendent personal jurisdiction over the state law claims, *compare Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 449–50 (7th Cir. 2000), *with Abelesz v. OTP Bank*, 692 F.3d 638, 656 (7th Cir. 2012) (noting possibility that personal jurisdiction might extend only to federal claims), or whether the minimum contacts are analyzed under the same framework of general and specific personal jurisdiction, *see Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 875 (7th Cir. 2006); *cf. Abelesz*, 692 F.3d at 653–60. The Court is skeptical that any of the Defendants' contacts with the United States also would supply personal jurisdiction without offending due process, but the Court does not discuss the issue further because no party raises it. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (instructing lower federal courts to follow the party-presentation principle).

Illinois's long-arm statute, 735 ILCS 5/2-209, "permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020) (cleaned up); *see also, e.g.*, Tencent Music's Br. at 5; R. 75, Pl.'s Resp. to Tencent Music's Br. at 10. Personal jurisdiction "must be assessed individually" as to each defendant, *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984), so the Court discusses each Defendant in turn.

### A. Ximalaya

Hughes River first contends that Ximalaya is at home in Illinois and that the Court thus has general personal jurisdiction over Ximalaya. R. 76, Pl.'s Resp. to Ximalaya's Br. at 9–11. But Hughes River lists only a number of business *relationships* that Ximalaya has in Illinois, *id.* at 7–11, so this is an incorrectly expansive view of general personal jurisdiction. The Supreme Court has stressed that "[o]nly a select set of affiliations with a forum" are enough to establish general jurisdiction: in the context of a corporation, "its place of incorporation and principal place of business." *Ford Motor*, 592 U.S. at 358–59 (cleaned up). For Ximalaya, neither is Illinois. As Hughes River acknowledges, Ximalaya is a Cayman Islands corporation with its principal place of business in China. First Am. Compl. ¶ 2.

Nor does the Court have specific personal jurisdiction over Ximalaya. Hughes River offers a variety of different contacts that Ximalaya has with Illinois: interest in expanding business in Illinois, holding accounts at a bank that has branches in Illinois, making available its website and services in Illinois, marketing its products in

Illinois, and having investors and creators who live in Illinois. Pl.'s Resp. to Ximalaya's Br. at 7–8. Hughes River adds that Ximalaya has had communications (text, call, and email) with Jiang while he was in Illinois and that Ximalaya's allegedly tortious acts "were focused on Illinois-based shareholders," had "harm[] in Illinois," and "affect[ed] Illinois interests." *Id.* at 12–13.

None of this suffices for due process. For specific jurisdiction, "the suit [must] arise out of or relate to the defendant's contacts with the forum." *Ford Motor*, 592 U.S. at 362 (cleaned up). This "minimum contacts analysis looks to the defendant's contacts with *the forum State itself*, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (cleaned up) (emphasis added). In other words, "the plaintiff cannot be the only link between the defendant and the forum," and "[t]he proper question is not where the plaintiff experienced a particular injury or effect." *Id.* at 285, 290. So Hughes River's proposed set of contacts can be sorted into two buckets: (1) Ximalaya's business contacts with Illinois that do not relate to this suit, which instead involves an aggrieved shareholder alleging corporate malfeasance in the execution of a merger agreement; and (2) Ximalaya's contacts with, and alleged injuries to, *residents* of Illinois, not with the forum itself. Neither set of contacts evinces "a strong relationship among the defendant, the forum, and the litigation—the essential foundation of specific jurisdiction." *Ford Motor*, 592 U.S. at 365 (cleaned up).

**B. Tencent Music**

For Tencent Music, the obstacles to personal jurisdiction over it are the same. Hughes River again provides a detailed list of contacts for Tencent Music that purport to confirm general personal jurisdiction. Pl.'s Resp. to Tencent Music's Br. at 7–10. None, however, are Tencent Music's place of incorporation (Cayman Islands) or principal place of business (China). First Am. Compl. ¶ 10. This is true despite the alleged volume of Tencent's business activity in Illinois: efforts to "serve the market" of a forum State might bolster specific personal jurisdiction, but they "do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) (cleaned up) (emphasis in original).

And even if those contacts were considered alongside Hughes River's allegations of Tencent Music's effect on Illinois residents, there would be no specific jurisdiction. Hughes River does not argue that the business contacts form specific jurisdiction, nor could it: there is no relationship between those contacts (the sale of goods and services, the employment of persons) and this fraud suit. *Ford Motor*, 592 U.S. at 365 (providing—as example of relationship between contacts, forum, and litigation—the sale of vehicles in Montana and Minnesota and being subject to suit in those states even for accidents from vehicles sold in another state). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden*, 571 U.S. at 291. And as with Ximalaya, Tencent Music's contacts with

Hughes River or other Illinois shareholders do not establish specific personal jurisdiction in Illinois. *Id.* at 285, 290.

## C. Jianjun Yu

Hughes River lastly argues that this Court can exercise specific personal jurisdiction over Yu. Pl.'s Resp. to Yu's Mot. at 7–11. But as with Ximalaya, the communications that Yu had—whether in an individual capacity or in his role as Ximalaya's CEO—with Hughes River's Jiang are contacts between a defendant and a plaintiff, not between a defendant and a forum. So they cannot suffice for the purposes of specific personal jurisdiction. *Walden*, 571 U.S. at 285, 290–91. Hughes River thus has failed to make out a prima facie case for personal jurisdiction over any of the Defendants.

This is not to say, however, that Hughes River has no forum, federal or otherwise, to sue the Defendants. Indeed, Hughes River does not actually challenge the validity of the Defendants' contention that the Hong Kong International Arbitration Centre may resolve any disputes, as outlined by Hughes River's share-transfer agreement. R. 55-6, Ximalaya's Exh. 4, Share Transfer Agreement at 12; Pl.'s Resp. to Tencent Music's Br. at 12–15 (arguing only that Tencent Music cannot rely on agreement to which it was not party and that Hong Kong may be an unfair forum); Pl.'s Resp. to Ximalaya's Br. at 18–21 (same); Pl.'s Resp. to Yu's Mot. at 14–15 (arguing only that Yu cannot adopt arguments made in another Defendant's brief).

## IV. Conclusion

The motions to dismiss, R. 55; R. 57; R. 61, are granted. Because dismissal is on a jurisdictional ground, the dismissal is without prejudice but "conclusive on the jurisdictional question." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Amendment of the complaint would be futile, so this dismissal does not come with it leave to amend. *Flynn v. FCA US LLC*, 39 F.4th 946, 954 (7th Cir. 2022). Final judgment shall be entered.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 27, 2026