**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HUGHES RIVER FM, LLC, <br> a Delaware limited liability company, <br> individually, and derivatively on behalf of <br> XIMALAYA, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIMALAYA, INC., <br> a Cayman Islands corporation, <br> YU JIANJUN, an individual, <br> SEAMAN YU, an individual, <br> XIAOYU CHEN, an individual, <br> LI HAIBO, an individual, <br> and TENCENT MUSIC ENTERTAINMENT <br> GROUP, INC., a Cayman Islands <br> corporation, <br><br> Defendants. | Case No. 1:25-cv-06217 <br><br> Judge Edmond E. Chang <br><br> **NOTICE OF APPEAL** |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiff, HUGHES RIVER FM, LLC, individually,

and derivatively on behalf of XIMALAYA, INC., in the above-named case,

hereby appeals to the United States Court of Appeals for the Seventh Circuit,

from the final judgment entered in this action on the 27th day of March 2026.

Respectfully submitted,

HUGHES RIVER FM, LLC,
individually, and derivatively
on behalf of XIMALAYA, INC.,
Plaintiff

By:*/s/Daniel J. Voelker*
Their Attorney


Daniel J. Voelker, Esq.

1

**Voelker Litigation Group**
33 N. Dearborn Street
Suite 400
Chicago, Illinois 60602
312.505.4841
dvoelker@voelkerlitigationgroup.com
ARDC #6189578

Dated: March 30, 2026

## CERTIFICATE OF SERVICE

I, Daniel J. Voelker, an attorney, hereby certify, under oath, that on March 30, 2026, I caused to be filed the foregoing **Notice of Appeal** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, via the CM/ECF Filing System and served the same on all counsel of record via the same.

/s/Daniel J. Voelker

2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Hughes River FM, LLC,

Plaintiff,

v.

Ximalaya, Inc., Jianjun Yu, and Tencent Music Entertainment Group,

Defendants.

No. 1:25-CV-06217

Judge Edmond E. Chang

MEMORANDUM OPINION AND ORDER

After Hughes River FM, LLC, acquired preferred stock in Ximalaya, Inc., an audio platform based in China, Ximalaya agreed to merge with Tencent Music Entertainment Group. R. 42, First Am. Compl. ¶¶ 2, 4, 23, 27–28.[1] Hughes River was forced to sell its shares, and now alleges that the merger was fraudulent in violation of federal and state laws. *Id.* ¶¶ 46–125. So Hughes River has sued Ximalaya, its CEO (Jianjun Yu), and Tencent Music. *Id.* ¶¶ 2–6, 10.[2] The Defendants have filed separate

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]The Court has federal-question jurisdiction, 28 U.S.C. § 1331, over the theory of liability under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–rr; 17 C.F.R. § 240.10b5-1, and supplemental jurisdiction over the theories of liability under state statutory and common law, 28 U.S.C. § 1367(a). The Court also has diversity jurisdiction over the whole case. 28 U.S.C. § 1332(a). Hughes River is a limited liability company whose sole member, Kai Jiang, is a citizen of Illinois. First Am. Compl. ¶ 1. Ximalaya and Tencent Music each are Cayman Islands corporations with their principal places of business in China, and Jianjun Yu is a citizen of China. *Id.* ¶¶ 2, 6, 10.

Hughes River also named three other persons that it believed were members of Ximalaya's Board of Directors. First Am. Compl. ¶¶ 7–9. Two—Xiaoyu Chen and Haibo Li—were voluntarily dismissed by Hughes River, R. 87, 09/29/25 Minute Entry, and the parties appear

motions to dismiss, and each advances threshold reasons—as well as challenges to the sufficiency of the pleadings—that they believe justify dismissing Hughes River's complaint. R. 55, Ximalaya's Mot.; R. 55-1, Ximalaya's Br.; R. 57, Tencent Music's Mot.; R. 58, Tencent Music's Br.; R. 61, Yu's Mot. As explained in this Opinion, the Court agrees that it lacks personal jurisdiction over any of the Defendants. Because no amendments to the complaint could help Hughes River make a prima facie case for personal jurisdiction, the case is dismissed.

## I. Legal Standard

Civil Rule 12(b)(2) governs dismissals for lack of personal jurisdiction. Fed. R. Civ. P. 12(b). A complaint need not allege personal jurisdiction, but the plaintiff bears the burden of establishing that jurisdiction is proper once a defendant moves to dismiss on that ground. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When a motion is based solely on the submission of written materials, the plaintiff need establish only a prima facie case of personal jurisdiction, *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009), and the Court will resolve all factual disputes in the plaintiff's favor, *Purdue*, 338 F.3d at 782. But when there is a genuine dispute in those written submissions about material facts, the Court should hold an evidentiary hearing. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). When an evidentiary hearing is held, the plaintiff bears a heavier burden: "prove what it alleged," *id.*, and establish personal jurisdiction by

---

to agree that the remaining person (Seaman Yu) is just the English name for Jianjun Yu, R. 61, Yu's Mot. at 1; R. 61-1, Jianjun Yu Decl. ¶ 1; R. 77, Pl.'s Resp. to Yu's Mot. at 5.

a preponderance of the evidence, *Purdue*, 338 F.3d at 782. Proceeding under this heavier burden, the Court would not apply the familiar rule for a motion to dismiss, where a judge ordinarily "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## II. Background

Because the Court is evaluating whether Hughes River makes out a prima facie case for personal jurisdiction, the Court recounts the facts by resolving any disputes in Hughes River's favor. *Purdue*, 338 F.3d at 782. The facts of the underlying merger are not critical to the jurisdictional issue, so only a brief summary of that transaction is needed.

In 2017, Hughes River acquired more than five million shares in Ximalaya. First Am. Compl. ¶ 23. After turning down an earlier acquisition offer and maintaining years of profitability, Ximalaya in 2024 agreed to a merger with Tencent Music. *Id.* ¶¶ 24–28. To execute the merger, Ximalaya needed to buy back its shares, and it made an offer to Hughes River that the latter declined. *Id.* ¶¶ 29–38. Hughes River alleges that the terms and process of the merger were "patently unfair," *id.* ¶¶ 29–40, and that the company was in effect forced to sell its Ximalaya shares for an unfair price, *id.* ¶ 50. Hughes River thus filed this suit in this District, and the parties dispute, among other issues, whether this Court can exercise personal jurisdiction over any of the Defendants.

3

## III. Analysis

Hughes River fails to make out even a prima facie case for personal jurisdiction over any of the Defendants. Personal jurisdiction takes one of two forms: general or specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). General personal jurisdiction asks whether the defendant "is essentially at home in the State." *Id.* (cleaned up).[3] Specific personal jurisdiction instead requires that a defendant "purposefully avails itself of the privilege of conducting activities within the forum State" so that there is "an affiliation between the forum and the underlying controversy."[4] *Id.* at 359–60 (cleaned up). For specific jurisdiction, the parties agree that

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

[4]In a case based on federal-question subject matter jurisdiction, courts approach the personal-jurisdiction inquiry in a slightly different way. If the federal law authorizes nationwide service of process, then a defendant need only have "adequate contacts with the United States as a whole" instead of any specific forum State. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000); *see also* Fed. R. Civ. P. 4(k)(2). The federal law here, 15 U.S.C. § 78aa(a), authorizes nationwide service. *See Fitzsimmons v. Barton*, 589 F.2d 330, 332 (7th Cir. 1979).

But none of the parties develop the factual record on any of their contacts with the United States rather than with Illinois specifically. And they do not address potential legal issues, such as the possibility of pendent personal jurisdiction over the state law claims, *compare Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 449–50 (7th Cir. 2000), *with Abelesz v. OTP Bank*, 692 F.3d 638, 656 (7th Cir. 2012) (noting possibility that personal jurisdiction might extend only to federal claims), or whether the minimum contacts are analyzed under the same framework of general and specific personal jurisdiction, *see Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 875 (7th Cir. 2006); *cf. Abelesz*, 692 F.3d at 653–60. The Court is skeptical that any of the Defendants' contacts with the United States also would supply personal jurisdiction without offending due process, but the Court does not discuss the issue further because no party raises it. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (instructing lower federal courts to follow the party-presentation principle).

Illinois's long-arm statute, 735 ILCS 5/2-209, "permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020) (cleaned up); *see also, e.g.*, Tencent Music's Br. at 5; R. 75, Pl.'s Resp. to Tencent Music's Br. at 10. Personal jurisdiction "must be assessed individually" as to each defendant, *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984), so the Court discusses each Defendant in turn.

### A. Ximalaya

Hughes River first contends that Ximalaya is at home in Illinois and that the Court thus has general personal jurisdiction over Ximalaya. R. 76, Pl.'s Resp. to Ximalaya's Br. at 9–11. But Hughes River lists only a number of business *relationships* that Ximalaya has in Illinois, *id.* at 7–11, so this is an incorrectly expansive view of general personal jurisdiction. The Supreme Court has stressed that "[o]nly a select set of affiliations with a forum" are enough to establish general jurisdiction: in the context of a corporation, "its place of incorporation and principal place of business." *Ford Motor*, 592 U.S. at 358–59 (cleaned up). For Ximalaya, neither is Illinois. As Hughes River acknowledges, Ximalaya is a Cayman Islands corporation with its principal place of business in China. First Am. Compl. ¶ 2.

Nor does the Court have specific personal jurisdiction over Ximalaya. Hughes River offers a variety of different contacts that Ximalaya has with Illinois: interest in expanding business in Illinois, holding accounts at a bank that has branches in Illinois, making available its website and services in Illinois, marketing its products in

Illinois, and having investors and creators who live in Illinois. Pl.'s Resp. to Xima-laya's Br. at 7–8. Hughes River adds that Ximalaya has had communications (text, call, and email) with Jiang while he was in Illinois and that Ximalaya's allegedly tortious acts "were focused on Illinois-based shareholders," had "harm[] in Illinois," and "affect[ed] Illinois interests." *Id.* at 12–13.

None of this suffices for due process. For specific jurisdiction, "the suit [must] arise out of or relate to the defendant's contacts with the forum." *Ford Motor*, 592 U.S. at 362 (cleaned up). This "minimum contacts analysis looks to the defendant's contacts with *the forum State itself*, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (cleaned up) (emphasis added). In other words, "the plaintiff cannot be the only link between the defendant and the forum," and "[t]he proper question is not where the plaintiff experienced a particular injury or effect." *Id.* at 285, 290. So Hughes River's proposed set of contacts can be sorted into two buckets: (1) Ximalaya's business contacts with Illinois that do not relate to this suit, which instead involves an aggrieved shareholder alleging corporate malfeasance in the execution of a merger agreement; and (2) Ximalaya's contacts with, and alleged injuries to, *residents* of Illinois, not with the forum itself. Neither set of contacts evinces "a strong relationship among the defendant, the forum, and the litigation—the essential foundation of specific jurisdiction." *Ford Motor*, 592 U.S. at 365 (cleaned up).

## B. Tencent Music

For Tencent Music, the obstacles to personal jurisdiction over it are the same. Hughes River again provides a detailed list of contacts for Tencent Music that purport to confirm general personal jurisdiction. Pl.'s Resp. to Tencent Music's Br. at 7–10. None, however, are Tencent Music's place of incorporation (Cayman Islands) or principal place of business (China). First Am. Compl. ¶ 10. This is true despite the alleged volume of Tencent's business activity in Illinois: efforts to "serve the market" of a forum State might bolster specific personal jurisdiction, but they "do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) (cleaned up) (emphasis in original).

And even if those contacts were considered alongside Hughes River's allegations of Tencent Music's effect on Illinois residents, there would be no specific jurisdiction. Hughes River does not argue that the business contacts form specific jurisdiction, nor could it: there is no relationship between those contacts (the sale of goods and services, the employment of persons) and this fraud suit. *Ford Motor*, 592 U.S. at 365 (providing—as example of relationship between contacts, forum, and litigation—the sale of vehicles in Montana and Minnesota and being subject to suit in those states even for accidents from vehicles sold in another state). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden*, 571 U.S. at 291. And as with Ximalaya, Tencent Music's contacts with

7

Hughes River or other Illinois shareholders do not establish specific personal juris-diction in Illinois. *Id.* at 285, 290.

### C. Jianjun Yu

Hughes River lastly argues that this Court can exercise specific personal juris-diction over Yu. Pl.'s Resp. to Yu's Mot. at 7–11. But as with Ximalaya, the commu-nications that Yu had—whether in an individual capacity or in his role as Ximalaya's CEO—with Hughes River's Jiang are contacts between a defendant and a plaintiff, not between a defendant and a forum. So they cannot suffice for the purposes of spe-cific personal jurisdiction. *Walden*, 571 U.S. at 285, 290–91. Hughes River thus has failed to make out a prima facie case for personal jurisdiction over any of the Defend-ants.

This is not to say, however, that Hughes River has no forum, federal or other-wise, to sue the Defendants. Indeed, Hughes River does not actually challenge the validity of the Defendants' contention that the Hong Kong International Arbitration Centre may resolve any disputes, as outlined by Hughes River's share-transfer agree-ment. R. 55-6, Ximalaya's Exh. 4, Share Transfer Agreement at 12; Pl.'s Resp. to Ten-cent Music's Br. at 12–15 (arguing only that Tencent Music cannot rely on agreement to which it was not party and that Hong Kong may be an unfair forum); Pl.'s Resp. to Ximalaya's Br. at 18–21 (same); Pl.'s Resp. to Yu's Mot. at 14–15 (arguing only that Yu cannot adopt arguments made in another Defendant's brief).

## IV. Conclusion

The motions to dismiss, R. 55; R. 57; R. 61, are granted. Because dismissal is on a jurisdictional ground, the dismissal is without prejudice but "conclusive on the jurisdictional question." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Amendment of the complaint would be futile, so this dismissal does not come with it leave to amend. *Flynn v. FCA US LLC*, 39 F.4th 946, 954 (7th Cir. 2022). Final judgment shall be entered.

ENTERED:

     s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 27, 2026

9

ILND 450 (Rev. 10/13) Judgment in a Civil Action

### IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN DISTRICT OF ILLINOIS

Hughes River FM, LLC,

Plaintiff(s),

v.

Ximalaya, Inc., Yu Jianjun, Yu Seaman, Tencent
Music Entertainment Group, Inc

Defendant(s).

Case No.  25 C 6217
Judge Edmond E. Chang

### JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $         ,

which ☐ includes         pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

_____

☐ in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

_____

☒ other: Case dismissed without prejudice for lack of personal jurisdiction.

_____

This action was *(check one)*:

☐ tried by a jury with Judge         presiding, and the jury has rendered a verdict.
☐ tried by Judge         without a jury and the above decision was reached.
☒ decided by Judge Edmond E. Chang on motions to dismiss.


Date:  3/27/2026                    Thomas G. Bruton, Clerk of Court

                                   /s/ Michael Wing, Deputy Clerk

APPEAL,KIM,PROTO,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.5) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:25-cv-06217
## Internal Use Only

Hughes River FM, LLC v. Ximalaya, Inc. et al
Assigned to: Honorable Edmond E. Chang
Demand: $9,999,000
Cause: 28:1332 Diversity-Breach of Fiduciary Duty

Date Filed: 06/04/2025
Date Terminated: 03/27/2026
Jury Demand: Both
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Plaintiff**

**Hughes River FM, LLC**                represented by  **Daniel John Voelker**
Voelker Litigation Group
33 N. Dearborn Street
Suite 1000
Chicago, IL 60602
312 870 5430
Fax: Active
Email:
dvoelker@voelkerlitigationgroup.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ximalaya, Inc.**                represented by  **Todd A Gale**
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700
Fax: Active
Email: tgale@dykema.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vincent Filardo , Junio**
King & Wood Mallesons LLP
500 Fifth Avenue
50th Floor
New York, NY 10110
212-319-4755
Email: vincent.filardo@us.kwm.com
*(Inactive)*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew Jacob Sklar**

King & Wood Mallesons LLP
500 50th ave
New York, NY 10110
(212) 319-4755
Fax: Pro Hac Vice
Email: andrew.sklar@us.kwm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth J. Vanko**
Clingen Callow & McLean, LLC
2300 Cabot Drive
Suite 500
Lisle, IL 60532
(630)871-2600
Fax: Active
Email: vanko@ccmlawyer.com
*ATTORNEY TO BE NOTICED*

**Lu Wang Harmening**
Dykema Gossett PLLC
Illinois
10 S. Wacker Dr.
Ste 2300
Chicago, IL 60606
312-627-2271
Email: LHarmening@dykema.com
*ATTORNEY TO BE NOTICED*

**Yi He**
King & Wood Mallesons LLP
500 Fifth Avenue, 50th Floor
New York, NY 10110
(212) 319-4755
Fax: Pro Hac Vice
Email: yi.he@us.kwm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Yu Jianjun**                     represented by   **Todd A Gale**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Vincent Filardo , Junio**
                                                    (See above for address)
                                                    *TERMINATED: 08/18/2025*
                                                    *LEAD ATTORNEY*

                                                    **Andrew Jacob Sklar**
                                                    (See above for address)
                                                    *TERMINATED: 08/18/2025*

                                                    **Kenneth J. Vanko**

(See above for address)
*TERMINATED: 08/18/2025*

**Lu Wang Harmening**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark J. Makoski**
Contemporary Amperex Technology (USA)
Inc.
3900 Automation Ave
Auburn Hills, MI 48326
586-876-8881
Email: makoski.mark@gmail.com
*ATTORNEY TO BE NOTICED*

**Timothy J. McCarthy**
Dykema Gossett PLLc
1717 Main Street
Suite 4200
Dallas, TX 75201
214-698-7857
Email: tmccarthy@dykema.com
*ATTORNEY TO BE NOTICED*

**Yi He**
(See above for address)
*TERMINATED: 08/18/2025*

**Defendant**

**Yu Seaman**                                    represented by  **Todd A Gale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vincent Filardo , Junio**
(See above for address)
*TERMINATED: 08/18/2025*
*LEAD ATTORNEY*

**Andrew Jacob Sklar**
(See above for address)
*TERMINATED: 08/18/2025*

**Kenneth J. Vanko**
(See above for address)
*TERMINATED: 08/18/2025*

**Lu Wang Harmening**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark J. Makoski**
(See above for address)

ATTORNEY TO BE NOTICED

**Timothy J. McCarthy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yi He**
(See above for address)
*TERMINATED: 08/18/2025*

**Defendant**

**Chen Xiaoyu**                                    represented by    **Todd A Gale**
*TERMINATED: 09/29/2025*                                            (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vincent Filardo , Junio**
(See above for address)
*TERMINATED: 08/18/2025*
*LEAD ATTORNEY*

**Andrew Jacob Sklar**
(See above for address)
*TERMINATED: 08/18/2025*

**Kenneth J. Vanko**
(See above for address)
*TERMINATED: 08/18/2025*

**Lu Wang Harmening**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark J. Makoski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy J. McCarthy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yi He**
(See above for address)
*TERMINATED: 08/18/2025*

**Defendant**

**Li Haibo**                                       represented by    **Todd A Gale**
*TERMINATED: 09/29/2025*                                            (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Jacob Sklar**
(See above for address)
*TERMINATED: 08/18/2025*

**Kenneth J. Vanko**
(See above for address)
*TERMINATED: 08/18/2025*

**Lu Wang Harmening**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark J. Makoski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Timothy J. McCarthy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vincent Filardo , Junio**
(See above for address)
*TERMINATED: 08/18/2025*

**Yi He**
(See above for address)
*TERMINATED: 08/18/2025*

**Defendant**

**Tencent Music Entertainment Group, Inc.**  represented by **Peter P. Tomczak**
Baker & McKenzie LLP (Chicago)
300 East Randolph Street
Suite 5000
Chicago, IL 60601-6342
(312) 861-8030
Fax: Not a member
Email: peter.p.tomczak@bakernet.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan H. Ebner**
Baker & McKenzie LLP (Chicago)
300 East Randolph Street
Suite 5000
Chicago, IL 60601-6342
312 861 2933
Fax: Active
Email: jon.ebner@bakermckenzie.com
*ATTORNEY TO BE NOTICED*

**Laura A. Kelly**
Baker & Mckenzie Llp
300 East Randolph
5000
Chicago, IL 60601
(312) 861-2510
Fax: Not a member

Email: laura.kelly@bakermckenzie.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/04/2025 | 1 | COMPLAINT filed by Hughes River FM, LLC; Jury Demand. Filing fee $ 405, receipt number AILNDC-23578108. (Attachments: # 1 Exhibit Exhibit A)(Voelker, Daniel) (Entered: 06/04/2025) |
| 06/04/2025 | | CASE ASSIGNED to the Honorable Edmond E. Chang. Designated as Magistrate Judge the Honorable Young B. Kim. Case assignment: Random assignment. (Civil Category 2). (pjj, ) (Entered: 06/04/2025) |
| 06/04/2025 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (pjj, ) (Entered: 06/04/2025) |
| 06/04/2025 | 2 | ORDER: Local Rule 3.1 requires at the time of filing a case, plaintiff's counsel, or if the case is filed pro se, the plaintiff shall file with the original papers a completed designation sheet (civil cover sheet). No civil cover sheet was submitted at the time of filing this matter. Hughes River FM, LLC is directed to file the Civil Cover Sheet within 14 days of this notification. Signed by the Executive Committee. (pjj, ) (Entered: 06/04/2025) |
| 06/05/2025 | 3 | CIVIL Cover Sheet (Voelker, Daniel) (Entered: 06/05/2025) |
| 06/06/2025 | 🔒 10 | SUMMONS Issued (Court Participant) as to Defendants Yu Jianjun, Yu Seaman, Tencent Music Entertainment Group, Inc., Chen Xiaoyu, Ximalaya, Inc. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons)(qrtr, ) (Entered: 06/06/2025) |
| 06/09/2025 | 11 | MINUTE entry before the Honorable Edmond E. Chang:Initial tracking status hearing set for 08/01/2025 at 8:30 a.m. to track the case only (no appearance is required, the case will not be called). Instead, the Court will set the case schedule after reviewing the written status report. The parties must file a joint initial status report with the content described in the ***ATTACHED*** status report requirements (do ***not*** use templates from other cases) by 07/22/2025. Plaintiff must still file the report even if Defendants have not responded to requests to craft a joint report. If not all Defendants have been served, then Plaintiff must complete the part of the report on the progress of service. Also, counsel (or the parties, if proceeding pro se) must carefully review Judge Chang's Case Management Procedures, available online at ilnd.uscourts.gov (navigate to Judges / District Judges / Judge Edmond E. Chang). Because the Procedures are occasionally revised, counsel (or the party, if proceeding pro se) must read them anew even if the counsel or the party has appeared before Judge Chang in other cases. Emailed notice (Attachments: # 1 Status Report Requirements) (mw, ) (Entered: 06/09/2025) |
| 06/10/2025 | 🔒 15 | SUMMONS Issued (Court Participant) as to Defendant Li Haibo (rjm, ) (Entered: 06/10/2025) |

| 07/03/2025 | 16 | ATTORNEY Appearance for Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu, Ximalaya, Inc. by Kenneth J. Vanko (Vanko, Kenneth) (Entered: 07/03/2025) |
|---|---|---|
| 07/03/2025 | 17 | MOTION for Leave to Appear Pro Hac Vice on behalf of Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu, Ximalaya, Inc. by Vincent Filardo, Junio; Filing fee $ 150, receipt number AILNDC-23707899.<br><br>(Filardo, Vincent) (Entered: 07/03/2025) |
| 07/03/2025 | 18 | MOTION for Leave to Appear Pro Hac Vice on behalf of Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu, Ximalaya, Inc. by Andrew Jacob Sklar; Filing fee $ 150, receipt number AILNDC-23707962.<br><br>(Sklar, Andrew) (Entered: 07/03/2025) |
| 07/03/2025 | 19 | MOTION by Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu, Ximalaya, Inc. for extension of time to file response/reply as to complaint 1<br><br>(Vanko, Kenneth) (Entered: 07/03/2025) |
| 07/03/2025 | 20 | NOTICE of Motion by Kenneth J. Vanko for presentment of motion for extension of time to file response/reply 19 before Honorable Edmond E. Chang on 7/10/2025 at 08:30 AM. (Vanko, Kenneth) (Entered: 07/03/2025) |
| 07/07/2025 | 21 | MINUTE entry before the Honorable Edmond E. Chang: Vincent Filardo's and Andrew Sklar's motions to appear pro hac vice for the Defendants 17 , 8 are granted. Emailed notice (mw, ) (Entered: 07/07/2025) |
| 07/07/2025 | 22 | MINUTE entry before the Honorable Edmond E. Chang: The unopposed extension motion filed by Defendants Ximalaya, Inc., Seaman Yu, Yu Jianjun (whom the defense says is a duplicate of Seaman Yu), Xiaoyu Chen, and Li Haibo to respond to the complaint 19 is granted to 07/25/2025. If a motion to dismiss is filed, then the Plaintiff's response is due on 08/25/2025. The defense reply is due by 09/15/2025. The initial status report deadline of 07/22/2025 remains in place. R. 11. Emailed notice (mw, ) (Entered: 07/07/2025) |
| 07/08/2025 | 23 | MOTION for Leave to Appear Pro Hac Vice on behalf of Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu, Ximalaya, Inc. by Yi He; Filing fee $ 150, receipt number AILNDC-23721955.<br><br>(He, Yi) (Entered: 07/08/2025) |
| 07/09/2025 | 24 | MINUTE entry before the Honorable Edmond E. Chang: Yi He's motion to appear pro hac vice for Defendants Ximalaya, Inc., Seaman Yu, Yu Jianjun, Xiaoyu Chen, Li Haibo 23 is granted. Emailed notice (mw, ) (Entered: 07/09/2025) |
| 07/11/2025 | 25 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Hughes River FM, LLC (Voelker, Daniel) (Entered: 07/11/2025) |
| 07/22/2025 | 26 | STATUS Report *Joint Initial Status Report* by Hughes River FM, LLC<br><br>(Voelker, Daniel) (Entered: 07/22/2025) |
| 07/22/2025 | 27 | SUMMONS Returned Executed by Hughes River FM, LLC as to Yu Jianjun on 6/10/2025, answer due 7/1/2025. (Voelker, Daniel) (Entered: 07/22/2025) |
| 07/22/2025 | 28 | SUMMONS Returned Executed by Hughes River FM, LLC as to Ximalaya, Inc. on 6/10/2025, answer due 7/1/2025. (Voelker, Daniel) (Entered: 07/22/2025) |

| | | |
|---|---|---|
| 07/22/2025 | 29 | SUMMONS Returned Executed by Hughes River FM, LLC as to Chen Xiaoyu on 6/10/2025, answer due 7/1/2025. (Voelker, Daniel) (Entered: 07/22/2025) |
| 07/22/2025 | 30 | SUMMONS Returned Executed by Hughes River FM, LLC as to Tencent Music Entertainment Group, Inc. on 6/10/2025, answer due 7/1/2025. (Voelker, Daniel) (Entered: 07/22/2025) |
| 07/22/2025 | 31 | SUMMONS Returned Executed by Hughes River FM, LLC as to Yu Seaman on 6/10/2025, answer due 7/1/2025. (Voelker, Daniel) (Entered: 07/22/2025) |
| 07/22/2025 | 32 | SUMMONS Returned Executed by Hughes River FM, LLC as to Li Haibo on 6/10/2025, answer due 7/1/2025. (Voelker, Daniel) (Entered: 07/22/2025) |
| 07/22/2025 | 33 | ATTORNEY Appearance for Defendant Tencent Music Entertainment Group, Inc. by Peter P. Tomczak (Tomczak, Peter) (Entered: 07/22/2025) |
| 07/22/2025 | 34 | ATTORNEY Appearance for Defendant Tencent Music Entertainment Group, Inc. by Jonathan H. Ebner (Ebner, Jonathan) (Entered: 07/22/2025) |
| 07/22/2025 | 35 | ATTORNEY Appearance for Defendant Tencent Music Entertainment Group, Inc. by Laura A. Kelly (Kelly, Laura) (Entered: 07/22/2025) |
| 07/23/2025 | 36 | MOTION by Plaintiff Hughes River FM, LLC to amend/correct *Complaint* (Voelker, Daniel) (Entered: 07/23/2025) |
| 07/25/2025 | 37 | MOTION by Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu, Ximalaya, Inc. for extension of time to file answer *to Amended Complaint (Unopposed)* (Vanko, Kenneth) (Entered: 07/25/2025) |
| 07/25/2025 | 38 | *(Unopposed)* NOTICE of Motion by Kenneth J. Vanko for presentment of motion for extension of time to file answer 37 before Honorable Edmond E. Chang on 8/5/2025 at 08:30 AM. (Vanko, Kenneth) (Entered: 07/25/2025) |
| 07/25/2025 | 39 | MOTION by Defendant Tencent Music Entertainment Group, Inc. for joinder *to Defendant's Motion to Extend Date to Respond to Amended Complaint* (Tomczak, Peter) (Entered: 07/25/2025) |
| 07/25/2025 | 40 | NOTICE of Motion by Peter P. Tomczak for presentment of motion for joinder 39 before Honorable Edmond E. Chang on 8/5/2025 at 08:30 AM. (Tomczak, Peter) (Entered: 07/25/2025) |
| 07/28/2025 | 41 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiff's unopposed motion to file amended complaint is granted. The Plaintiff shall promptly file the pleading on the docket as a separate entry. The defense's unopposed extension motion to respond to the amended complaint is granted. The responses are due by 08/27/2025. The tracking status hearing of 08/01/2025 is reset to 09/05/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Instead, the parties shall file the updated joint initial status report by 08/29/2025. Mailed notice (ags) (Entered: 07/28/2025) |
| 07/28/2025 | 42 | AMENDED complaint by Hughes River FM, LLC against All Defendants (Voelker, Daniel) (Entered: 07/28/2025) |
| 08/14/2025 | 43 | MOTION by Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu for leave to file *to Substitute Counsel and Withdraw Appearance* |

| | | |
|---|---|---|
| | | (Vanko, Kenneth) (Entered: 08/14/2025) |
| 08/14/2025 | 44 | NOTICE of Motion by Kenneth J. Vanko for presentment of motion for leave to file 43 before Honorable Edmond E. Chang on 8/20/2025 at 08:30 AM. (Vanko, Kenneth) (Entered: 08/14/2025) |
| 08/14/2025 | 45 | *Corrected* NOTICE of Motion by Kenneth J. Vanko for presentment of motion for leave to file 43 before Honorable Edmond E. Chang on 8/20/2025 at 08:30 AM. (Vanko, Kenneth) (Entered: 08/14/2025) |
| 08/18/2025 | 46 | MINUTE entry before the Honorable Edmond E. Chang: Defendants Li Haibo, Yu Jianjun, Yu Seaman, and Chen Xiaoyu motion for leave to substitute and withdraw 43 is granted. Timothy J. McCarthy, Todd Gale, Mark J. Makoski, and Lu W. Harmening of the law firm of Dykema Gossett PLLC are given leave to file their appearances alsong with any pro hac vice applications, if any. Vincent Filardo, Junior, Andrew Jacob Sklar and Yi He of the law firm King & Wood Mallesons LLP and Kenneth J. Vanko of the law firm Clingen, Callow & McLean,LLC, and that Mr. Filardo, Mr. Sklar, Ms. He and Mr. Vanko be granted leave towithdraw their appearances on behalf of the Individual Defendants. Emailed notice (mw, ) (Entered: 08/18/2025) |
| 08/22/2025 | 47 | ATTORNEY Appearance for Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu, Ximalaya, Inc. by Todd A Gale (Gale, Todd) (Entered: 08/22/2025) |
| 08/22/2025 | 48 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Tencent Music Entertainment Group, Inc. (Tomczak, Peter) (Entered: 08/22/2025) |
| 08/25/2025 | 49 | ATTORNEY Appearance for Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu, Ximalaya, Inc. by Lu Wang Harmening (Harmening, Lu) (Entered: 08/25/2025) |
| 08/27/2025 | 50 | ATTORNEY Appearance for Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu by Todd A Gale *CORRECTED ATTORNEY APPEARANCE* (Gale, Todd) (Entered: 08/27/2025) |
| 08/27/2025 | 51 | ATTORNEY Appearance for Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu by Lu Wang Harmening *CORRECTED ATTORNEY APPEARANCE* (Harmening, Lu) (Entered: 08/27/2025) |
| 08/27/2025 | 52 | MOTION by Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu for leave to file excess pages *MOTION TO EXTEND PAGE LIMIT*<br><br>(Gale, Todd) (Entered: 08/27/2025) |
| 08/27/2025 | 53 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Ximalaya, Inc. (Filardo, Vincent) (Entered: 08/27/2025) |
| 08/27/2025 | 54 | MOTION by Defendant Ximalaya, Inc.Motion for Confidentiality Order<br><br>(Attachments: # 1 Motion for Confidentiality Order, # 2 Exhibit 1, # 3 Exhibit 2) (Filardo, Vincent) (Entered: 08/27/2025) |
| 08/27/2025 | 55 | MOTION by Defendant Ximalaya, Inc. to dismiss<br><br>, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Ximalaya, Inc.<br><br>, MOTION by Defendant Ximalaya, Inc. to dismiss for lack of jurisdiction |

| | | | |
|---|---|---|---|
| | | | (Attachments: # 1 Memorandum of law in support, # 2 Declaration of Jianjun YU, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Declaration of Yi Hi, # 12 Exhibit A, # 13 Exhibit B, # 14 Exhibit C, # 15 Exhibit D, # 16 Declaration of Alex Henderson)(Filardo, Vincent) (Entered: 08/27/2025) |
| 08/27/2025 | 🔒 | 56 | MOTION by Defendant Ximalaya, Inc. to seal document MOTION by Defendant Ximalaya, Inc. to dismiss<br><br>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Ximalaya, Inc.<br><br>MOTION by Defendant Ximalaya, Inc. to dismiss for lack of jurisdiction<br><br>55<br><br>(Attachments: # 1 Memorandum of law in support, # 2 Exhibit 1, # 3 Exhibit 5, # 4 Exhibit 8)(Filardo, Vincent) (Entered: 08/27/2025) |
| 08/27/2025 | | 57 | MOTION by Defendant Tencent Music Entertainment Group, Inc. to dismiss<br><br>(Tomczak, Peter) (Entered: 08/27/2025) |
| 08/27/2025 | | 58 | MEMORANDUM by Tencent Music Entertainment Group, Inc. in support of motion to dismiss 57 (Attachments: # 1 Exhibit A - Mao Chengfeng Declaration, # 2 Exhibit B - Jonathan Guy Manning Declaration)(Tomczak, Peter) (Entered: 08/27/2025) |
| 08/27/2025 | | 59 | NOTICE of Motion by Peter P. Tomczak for presentment of motion to dismiss 57 before Honorable Edmond E. Chang on 9/4/2025 at 08:30 AM. (Tomczak, Peter) (Entered: 08/27/2025) |
| 08/27/2025 | | 60 | MEMORANDUM amended complaint 42 by Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu *MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS YU JIANJUN, SEAMAN YU (DUPLICATE OF YU JIANJUN), XIAOYU [SIC] CHEN, AND LI HAIBOS MOTION TO DISMISS* (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Gale, Todd) (Entered: 08/27/2025) |
| 08/27/2025 | | 61 | EXHIBIT by Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu *CORRECTED EXHIBIT TO FILED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS YU JIANJUN, SEAMAN YU (DUPLICATE OF YU JIANJUN), XIAOYU [SIC] CHEN, AND LI HAIBOS MOTION TO DISMISS* regarding amended complaint 42 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit CORRECTED EXHIBIT C)(Gale, Todd) (Entered: 08/27/2025) |
| 08/27/2025 | | 62 | NOTICE of Motion by Todd A Gale for presentment of before Honorable Edmond E. Chang on 9/4/2025 at 08:30 AM. (Gale, Todd) (Entered: 08/27/2025) |
| 08/29/2025 | | 63 | STATUS Report *Updated Joint Initial Status Report* by Hughes River FM, LLC<br><br>(Voelker, Daniel) (Entered: 08/29/2025) |
| 09/02/2025 | | 64 | CONFIDENTIALITY ORDER Signed by the Honorable Edmond E. Chang on 9/2/2025: The defense motion to enter confidentiality order 54 is provisionally granted in large part. The Court restored the 14-day post-transcript-delivery deadline at page 3, paragraph 4. The confidentiality order is now operative and in effect. If the Plaintiff disagrees with the content of the order, then the Plaintiff shall |

| | | |
|---|---|---|
| | | confer with the defense and then file an appropriate motion if needed. Emailed notice (mw, ) (Entered: 09/02/2025) |
| 09/02/2025 | 65 | MINUTE entry before the Honorable Edmond E. Chang: (1.) The defense motion 56 to seal is granted provisionally. The Court will again review the propriety of sealing when evaluating the underlying motion. As proposed in the status report, R. 63, the Plaintiff's responses to the motions 55 , 57 , 60 to dismiss are due on 09/26/2025. The replies are due on 10/17/2025. Discovery is paused for now. (2.) The defense motion 52 for extra pages is granted, despite the lack of a statement of conferral. The standing orders in the Case Management Procedures must be followed, including that very basic one. The tracking status hearing of 09/05/2025 is reset to 10/03/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). The Court will review the Plaintiff's responses and set a further schedule. Emailed notice (mw, ) (Entered: 09/02/2025) |
| 09/02/2025 | 66 | MOTION by Plaintiff Hughes River FM, LLC for protective order<br><br>(Attachments: # 1 Text of Proposed Order Redline Proposed Confidentialty Order, # 2 Text of Proposed Order Clean Proposed Confidentialty Order)(Voelker, Daniel) (Entered: 09/02/2025) |
| 09/02/2025 | 67 | AMENDED motion for protective order 66 *Corrected Exhibit A/Redline version of proposed Confidentiality Order/Exhibit A* (Voelker, Daniel) (Entered: 09/02/2025) |
| 09/03/2025 | 68 | MINUTE entry before the Honorable Edmond E. Chang: On the Plaintiffs' motion to amend confidentiality order 66 , the defense response is due by 09/12/2025. The Plaintiffs' reply is due by 09/19/2025. Emailed notice (mw, ) (Entered: 09/03/2025) |
| 09/10/2025 | 69 | ATTORNEY Appearance for Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu by Mark J. Makoski (Makoski, Mark) (Entered: 09/10/2025) |
| 09/12/2025 | 70 | ATTORNEY Appearance for Defendants Li Haibo, Yu Jianjun, Yu Seaman, Chen Xiaoyu by Timothy J. McCarthy (McCarthy, Timothy) (Entered: 09/12/2025) |
| 09/12/2025 | 71 | MEMORANDUM by Ximalaya, Inc. in Opposition to motion for protective order 66 *Defendants Joint Opposition to Plaintiffs Motion to Amend Confidentiality Order* (Filardo, Vincent) (Entered: 09/12/2025) |
| 09/19/2025 | 72 | REPLY by Hughes River FM, LLC to MOTION by Plaintiff Hughes River FM, LLC for protective order<br><br>66 (Voelker, Daniel) (Entered: 09/19/2025) |
| 09/26/2025 | 73 | MOTION by Plaintiff Hughes River FM, LLC for leave to file excess pages<br><br>(Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 74 | NOTICE of Voluntary Dismissal by Hughes River FM, LLC *Defendants Xiaoyu Chen and Li Haibo* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 75 | MEMORANDUM by Hughes River FM, LLC in Opposition to motion to dismiss 57 *of Tencent Music Entertainment Group, Inc.* (Attachments: # 1 Affidavit Affidavit of Kai Jiang)(Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 76 | MEMORANDUM by Hughes River FM, LLC in Opposition to motion to dismiss,,, Motion to Dismiss for Failure to State a Claim,,, motion to dismiss/lack of jurisdiction,, 55 *of Ximalaya, Inc.* (Attachments: # 1 Affidavit Affidavit of Kai Jiang)(Voelker, Daniel) (Entered: 09/26/2025) |

| 09/26/2025 | 77 | MEMORANDUM memorandum, 60 by Hughes River FM, LLC *In Opposition to Motion to Dismiss of the Individual Defendants* (Attachments: # 1 Affidavit Affidavit of Kai Jiang)(Voelker, Daniel) (Entered: 09/26/2025) |
| --- | --- | --- |
| 09/26/2025 | 78 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit A to Declaration of Kai Jiang* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 79 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit B to Declaration of Kai Jiang* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 80 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit C to Declaration of Kai Jiang* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 81 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit F to Declaration of Kai Jiang* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 82 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit H to Declaration of Kai Jiang* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 83 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit D to Declaration of Kai Jiang* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 84 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit E to Declaration of Kai Jiang* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 85 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit G to Declaration of Kai Jiang* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/26/2025 | 86 | EXHIBIT by Plaintiff Hughes River FM, LLC *Exhibit B To Memorandum In Opposition To Motion to Dismiss Amended Complaint* (Voelker, Daniel) (Entered: 09/26/2025) |
| 09/29/2025 | 87 | MINUTE entry before the Honorable Edmond E. Chang: (1.) Pursuant to the notice of voluntary dismissal, under Federal Rule of Civil Procedure 41(a)(1)(A)(i), the case is dismissed without prejudice as to Defendants Xiaoyu Chen and Li Haibo. Those two Defendant shall be terminated from the case. (2.) On the Plaintiff's motion to file oversized briefs 73 , there does not appear to be a statement of conferral. And the Court is skeptical that there will be no overlap in the three responses. But in the interest of moving the briefing along the motion is granted. Emailed notice (mw, ) (Entered: 09/29/2025) |
| 10/02/2025 | 88 | MINUTE entry before the Honorable Edmond E. Chang: On review of the Plaintiff's motion 66 to modify protective order, and the response and reply, R. 71, 72, the motion is denied. If the now-speculative specters raised by the Plaintiff materialize, then the Plaintiff may file a motion for specific authorization to disclose further. But there is no need to pre-authorize that disclosure now. With the dismissal-motion briefing ongoing, the tracking status hearing of 10/03/2025 is reset to 12/12/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 10/02/2025) |
| 10/17/2025 | 89 | RESPONSE by Tencent Music Entertainment Group, Inc.in Support of MOTION by Defendant Tencent Music Entertainment Group, Inc. to dismiss 57 (Attachments: # 1 Exhibit A - Supplemental Declaration of Mao Chengfeng) (Tomczak, Peter) (Entered: 10/17/2025) |
| 10/17/2025 | 90 | REPLY by Ximalaya, Inc. to memorandum in opposition to motion, 76 (Attachments: # 1 Declaration of Alex Henderson, # 2 Declaration Jianjun Yu) (Filardo, Vincent) (Entered: 10/17/2025) |

| 10/17/2025 | 91 | REPLY by Defendant Yu Jianjun *Reply in Support of Defendant Yu Jianjun's Motion to Dismiss* (Gale, Todd) (Entered: 10/17/2025) |
|---|---|---|
| 12/11/2025 | 92 | MINUTE entry before the Honorable Edmond E. Chang: In light of the fully briefed motions to dismiss 55 , 57 , 60 , the tracking status hearing of 12/12/2025 is reset to 02/20/2026 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 12/11/2025) |
| 12/31/2025 | 93 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/31/2025: Mailed notice. (tg, ) (Entered: 01/01/2026) |
| 02/19/2026 | 94 | MINUTE entry before the Honorable Edmond E. Chang: The motions to dismiss 55 , 57 , 60 are under advisement. The tracking status hearing of 02/20/2026 is reset to 04/10/2026 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 02/19/2026) |
| 03/27/2026 | 95 | MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang. For the reasons stated in the Opinion, the Defendants' motions to dismiss, R. 55; R. 57; R. 61, are granted. Because dismissal is on a jurisdictional ground, the dismissal is without prejudice but this is a final decision. A separate AO-450 judgment shall be entered. The status hearing of 04/10/2026 is vacated. Civil case terminated. Emailed notice (mw, ) (Entered: 03/27/2026) |
| 03/27/2026 | 96 | ENTERED JUDGMENT Signed by the courtroom deputy on 03/27/2026. Emailed notice (mw, ) (Entered: 03/27/2026) |
| 03/30/2026 | 97 | PAYMENT by Hughes River FM, LLC of Filing fee $ 605, receipt number AILNDC-24911073. (Voelker, Daniel) (Entered: 03/30/2026) |
| 03/30/2026 | 98 | NOTICE of appeal by Hughes River FM, LLC regarding orders 97 Filing fee $ 605, receipt number AILNDC-24911143. Receipt number: n (Voelker, Daniel) (Entered: 03/30/2026) |
| 03/31/2026 | 99 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 98 . (daj, ) (Entered: 03/31/2026) |